UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janet Beer,

    Plaintiff,

v.                                                Case No. 09-13954

Commissioner of Social Security,         Honorable Sean F. Cox

    Defendant.

_____/

## ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
## AND AFFIRMING DECISION DENYING BENEFITS PRIOR TO JANUARY 2007

Plaintiff Janet Beer ("Plaintiff") filed an application for Title II social security disability benefits, seeking benefits from an alleged onset date of May 6, 2006. Following a hearing, the Administrative Law Judge concluded that Plaintiff was not disabled prior to January 5, 2007, but became disabled on that date and continues to be disabled. In this action, Plaintiff proceeds *pro se* and challenges only the determination that she was not disabled from May 6, 2007, through January 5, 2007. This matter was referred to Magistrate Judge Virginia Morgan pursuant to 28 U.S.C. § 636 for issuance of a report and recommendation.

After reviewing Defendant's Motion for Summary Judgment and Plaintiff's written response setting forth her position, Magistrate Judge Morgan issued a report and recommendation ("R&R") on June 30, 2010, wherein she recommends that the Court grant Defendant's Motion for Summary Judgment and affirm the decision denying Plaintiff benefits prior to January 5, 2007. The matter is currently before this Court on Plaintiff's objections to

1

Magistrate Judge Morgan's June 30, 2010 R&R. For the reasons below, the Court shall affirm the decision denying her benefits prior to January 5, 2007.

## BACKGROUND

Following a video hearing, Administrative Law Judge James Mitchell ("ALJ") issued a written decision, wherein he found that Plaintiff was not disabled prior to January 5, 2007, but became disabled on that date and continues to be disabled by her seizure disorder. (Admin. Record at 59-66). In finding that Plaintiff was not disabled prior to January 5, 2007, the ALJ explained that "No physician has opined that the claimant's condition meets or equals any listing, and the state agency physicians have opined that it does not." (Admin. Record at 62). The ALJ further stated:

- "The undersigned finds that although the claimant has a longitudinal history of seizure activity, the evidence is insufficient to establish onset prior to January 5, 2007 because the medical records do not indicate that the claimant was using medications prior to that date." (Admin. Record at 62).

- "The evidence of record does not establish seizures of the severity alleged by the claimant prior to January 5, 2007." (Admin. Record at 63).

- "Although the claimant alleges an onset date of May 26, 2006, the evidence of record lacks treatment notes or any clinical signs or laboratory findings of a disabling seizure disorder prior to January 5, 2007." (Admin. Record at 63).

Plaintiff then filed this action, challenging the determination that she was not disabled from May 6, 2007, through January 5, 2007.

In her June 30, 2010 R&R, Magistrate Judge Morgan concluded that there is substantial evidence to support the denial of benefits before January 5, 2007. (R&R at 16). Magistrate Judge Morgan concluded that the ALJ appropriately considered the medical opinions prior to January, 2007 and explained:

> No records are in the file from the period before May or June, 2006. There was no opinion evidence from any treating or examining physician placing any functional limitations on plaintiff prior to January 5, 2007. (Tr. 165). There are no medical opinions that plaintiff is disabled at any time. The closest is from Dr. Glynn and that does not come until 2008 when he opines after seeing her only a week earlier that her "condition clearly restricts her opportunities for employment."

(R&R at 17).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

On July 6, 2010, Plaintiff filed written objections to Magistrate Judge's R&R. The Government filed a response on July 20, 2010.

## ANALYSIS

Plaintiff objects to several portions of Magistrate Judge's June 30, 2010. First, Plaintiff objects to the accuracy of some factual statements contained in the R&R. Plaintiff states that she does not believe that she ever stated that she did not work after the year 2000. She asserts that her seizures first began in 2000, became more frequent in 2004, and became disabling on May 6, 2006.

The Court notes that the R&R states that the "ALJ asked [Plaintiff] how she selected May 6, 2006 as her onset date" and that "[s]he answered that she had her first seizure on May 6, 2006." (R&R at 8).

In her written response to Defendant's Motion for Summary Judgment, Plaintiff took

3

issue with that portion of the hearing transcript wherein she stated that the seizures started in 2006, asserting that the transcript contains a misprint.

While the transcript indicates that Plaintiff stated that she had her first seizure in 2006, she then almost immediately discussed how in 2003 or 2004 she "started having seizures on a recurring basis." (Admin. Record at 16). Plaintiff asks "[h]ow could I have them more frequently then if they didn't even start for another 3 or 4 years?"

Plaintiff's point is well taken and the Court concludes that, to the extent the R&R suggests that Plaintiff clearly testified that her seizures first started in 2006, that portion of the R&R is not entirely accurate. Any such inaccuracy in the R&R, however, does not impact the issue of whether or not the ALJ's decision was supported by substantial evidence. The ALJ did not state that Plaintiff's seizures first started in 2006, nor was his decision based on the date that her seizures first started.

Rather, the ALJ determined that Plaintiff was not disabled prior to January 5, 2007 for the following reasons:

> 1) that "No physician has opined that the claimant's condition meets or equals any listing, and the state agency physicians have opined that it does not." (Admin. Record at 62);
> 
> 2) "The undersigned finds that although the claimant has a longitudinal history of seizure activity, the evidence is insufficient to establish onset prior to January 5, 2007 because the medical records do not indicate that the claimant was using medications prior to that date." (Admin. Record at 62);
> 
> 3) "The evidence of record does not establish seizures of the severity alleged by the claimant prior to January 5, 2007." (Admin. Record at 63); and
> 
> 4) "Although the claimant alleges an onset date of May 26, 2006, the evidence of record lacks treatment notes or any clinical signs or laboratory findings of a disabling seizure disorder prior to January 5, 2007." (Admin. Record at 63).

4

In her objections, Plaintiff takes issue with the ALJ's statement that she was not taking seizure medication prior to 2007. Plaintiff acknowledges that "in 2006 [she] wasn't taking medications for a period of time," (Objections at 1) but asserts that she was, in fact, taking a seizure medication called Lamictal prior to 2007. Plaintiff attaches several documents – which are not a part of the administrative record – to show that she was taking Lamictal at some point prior to 2007.[1]

The Government contends that even if the ALJ had erroneously found that Plaintiff was not on seizure medication prior to January 2007, "it would have been harmless error at worst, since he also concluded, beyond the evidence of prescriptions, that the medical records contained no treatment notes, clinical findings, or laboratory signs supporting a disabling seizure condition prior to January 2007." (Govt.'s Resp. at 3-4).

The Court agrees. Even if Plaintiff had taken seizure medication prior to 2007, the ALJ's decision that Plaintiff was not disabled prior to January 5, 2007 is still supported by substantial evidence because: 1) no physician had opined that Plaintiff's condition meets or equals any listing, and the state agency physicians opined that it does not; and 2) the record lacks treatment notes or any clinical signs or laboratory findings of a disabling seizure disorder prior to January 5, 2007.

CONCLUSION & ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion for Summary

---

[1]Plaintiff does not provide any explanation as to why she did not provide these documents to the ALJ either before or at her administrative hearing.

Judgment, AFFIRMS the Commissioner's decision denying Plaintiff benefits prior to January 5, 2007, and shall DISMISS this action.

      IT IS SO ORDERED.

                                    S/Sean F. Cox
                                    Sean F. Cox
                                    United States District Judge

Dated: September 14, 2010

I hereby certify that on September 14, 2010, a copy of the foregoing document was served upon counsel of record by electronic means and upon Janet Beer via First Class Mail at the address below:

Janet Beer
1848 Reo Aveue
Lincoln Park, MI 48186

                                    S/Jennifer Hernandez
                                    Case Manager